NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE HAROLD W. VAN ALLEN,**
*Petitioner.*

---

2014-106

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 13-2235, Judge William A. Moorman.

---

**ON MOTION**

---

Before MOORE, LINN, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## O R D E R

Harold W. Van Allen petitions for a writ of mandamus to authorize immediate payment for a surgery performed earlier this year.

On July 19, 2013, Van Allen filed a petition for extraordinary relief in the United States Court of Appeals for Veterans Claims seeking the court to compel the New York VA regional office to issue a statement of the case regarding pending claims for reimbursement of medical expenses. On October 7, 2013, the Veterans Court directed the Secretary of Veterans Affairs to respond to Van

Allen's petition.  The Secretary then moved for an extension of time to respond, which the Veterans Court granted.  Van Allen then immediately filed a petition for writ of mandamus in this court.  He asks us to compel the Department of Veterans Affairs to authorize immediate payment for surgery performed in April 2013.*

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power.  *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988).  A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

Van Allen's petition does not meet this exacting standard.  His request for relief has been pending for less than 5 months.  The Veterans Court has not denied his requests and has not egregiously delayed ruling on his requests.  The Secretary's request for an extension of time was a reasonable request.  Van Allen has not made the showing required for mandamus relief.  *See In re Monroe Commc'ns Corp.*, 840 F.2d 942, 945 (D.C. Cir. 1988).

Accordingly,

---

* We note that in response to the Veterans Court order asking Van Allen to clarify his intentions for this matter, Van Allen indicated a desire to "withdraw[] his interlocutory Notice of Appeal."  This court, however, has not received any notice from Van Allen withdrawing his petition.

IN RE VAN ALLEN                                                    3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
    Daniel E. O'Toole
    Clerk of Court

s24